**FILED**

**March 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.S.,**

**No. 22-0413** (Kanawha County 21-JA-693)

## MEMORANDUM DECISION

Petitioner Mother M.S.[1] appeals the Circuit Court of Kanawha County's April 15, 2022, order terminating her parental rights to H.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November of 2021, the DHHR filed a petition alleging that the father fondled the breasts of then fourteen-year-old H.S. and that petitioner failed to protect the child or believe that the contact was sexual abuse. The DHHR further alleged that the father abused alcohol daily, the parents engaged in domestic violence, and the parents failed to provide a safe and stable home environment for the child.

The circuit court held an adjudicatory hearing in January of 2022, during which it heard the testimony of the forensic psychologist who interviewed H.S. The psychologist testified that H.S. stated that the father came into her bedroom on the night of her fourteenth birthday and fondled her breasts under her shirt and bralette. H.S. further stated that petitioner was asleep during the incident and that the father had been drinking. After the father left the room, H.S. called an older sister who then called and woke up petitioner with the information. A few minutes later, petitioner and the father were arguing in H.S.'s bedroom, and petitioner yelled at the father. The following day, the family had a meeting about the incident, and petitioner told the father that this was not "something that he should do to his daughter," but the father remained in the home. H.S. told the psychologist that when she eventually told her school counselor about the incident, petitioner became upset. H.S. also disclosed that she was uncomfortable being left alone with the

---

[1]Petitioner appears by counsel Benjamin Freeman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Matthew Smith appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

father; the parents regularly argued, yelled, and screamed at each other; and the father drank alcohol daily.

Petitioner testified that she reprimanded the father for his behavior and that during a family meeting the day after the incident the father apologized and explained that his touching was not meant to be sexual. During the hearing, petitioner stated that she believes the father's statement that his behavior was not sexual because "nothing happened before and nothing happened after." Petitioner testified that the father was an alcoholic, that the couple had marital problems, and that it sometimes got "loud" and "scare[d]" H.S. when they argued. Having heard the testimony, the court concluded that the father touched H.S.'s breasts under her clothes during the night while under the influence of alcohol and that his conduct was for "sexual gratification." The court stated, "I just don't find that there could be any other rational reason for doing such conduct." Regarding petitioner, the court noted that she continued to leave H.S. alone with the father despite her knowledge of his sexual abuse and that H.S. experienced emotional distress when alone with the father. The court also found that petitioner failed to seek counseling or treatment for H.S. and failed to take appropriate actions to protect H.S. The court adjudicated petitioner as an abusing parent.

In April of 2022, the court held a final dispositional hearing, during which the father denied any problems in the home, denied abusing alcohol on the night of the incident, and refused to answer questions about touching H.S.'s breasts. Petitioner testified that she did not believe that the father sexually abused H.S., she appropriately handled the matter within the family, and that she would remain married to the father. The DHHR worker testified that the supervised visits appeared "forced" between petitioner and H.S. and that petitioner continued to fail to acknowledge any wrongdoing. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the child's welfare. Based upon these findings, the court terminated petitioner's parental rights by its April 15, 2022, order, which petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. *See* Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in adjudicating her as an abusing parent, asserting that there was no evidence that she failed to protect H.S. from abuse. However, the evidence below supports petitioner's adjudication under a clear and convincing standard. *See* W. Va. Code § 49-4-601(i) (requiring a circuit court to find, "by clear and convincing evidence," that a parent has abused and/or neglected a child at the conclusion of the adjudicatory hearing); *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (explaining that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established"(citation omitted)). While petitioner claims that "all involved" described the father's touching of H.S.'s breasts as "non-sexual," a review of the record shows that petitioner mischaracterizes the evidence below. The only people who claimed that the touching was not

---

[3]The father's parental rights were also terminated, and he did not appeal that termination. H.S.'s permanency plan is subsidized guardianship with her grandmother with a concurrent permanency plan of adoption by the grandmother.

sexual were petitioner and the father. The uncontroverted evidence established that the father entered the child's bedroom and fondled her breasts. This conduct fits squarely within the statutory definition of sexual abuse in the provisions governing abuse and neglect proceedings. *See* W. Va. Code § 49-1-201 (explaining "sexual abuse" as including "sexual contact"); *Id.* § 61-8b-1(6) (describing "sexual contact," in relevant part, as "any intentional touching, either directly or through clothing, of the breasts . . . of another person . . . where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party"). H.S. described, in detail, the actions of the father, including that he was intoxicated, that he came into her room at night on her birthday, and that he fondled her breasts under her shirt and bralette while petitioner was asleep. This evidence led the circuit court to the conclusion that the father's conduct was for sexual gratification, a finding that petitioner refused to accept.

Petitioner further contends that she appropriately protected H.S. by reprimanding the father and having him apologize. However, petitioner fails to acknowledge that she refused to accept the sexual and predatory nature of the father's actions, that this sexual abuse led to H.S. experiencing emotional distress when left alone with the father, and that this incident bothered H.S. enough to divulge it to a school counselor. Further, petitioner set forth her intention to remain married to the father. Based on the foregoing, we find that the circuit court did not err in adjudicating petitioner of abuse and neglect of H.S. *See id.* § 49-1-201 (defining "abused child," in part, as "a child whose health or welfare is being harmed or threatened by [a] parent . . . who . . . knowingly allows another person to inflict physical injury or mental or emotional injury, upon the child . . . in the home" and defining "neglected child," in part, as one who is harmed or threatened by a parent's "failure . . . to supply the child with necessary . . . supervision").

Finally, petitioner argues that the circuit court erred in terminating her parental rights rather than implementing a less restrictive dispositional alternative. However, this Court has held that

> [t]ermination of parental rights of a parent of an abused child is authorized under [W. Va. Code § 49-4-604] where such parent contends nonparticipation in the acts giving rise to the termination petition but there is clear and convincing evidence that such nonparticipating parent knowingly took no action to prevent or stop such acts to protect the child. Furthermore, termination of parental rights of a parent of an abused child is authorized under [W. Va. Code § 49-4-604] where such nonparticipating parent supports the other parent's version as to how a child's injuries occurred, but there is clear and convincing evidence that such version is inconsistent with the medical evidence.

Syl. Pt. 2, *In re Scottie D.*, 185 W. Va. 191, 406 S.E.2d 214 (1991). Here, the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future was based on the fact that petitioner supported the father's claim that his conduct was nonsexual and failed to acknowledge H.S.'s sexual abuse. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (holding that in "order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable" (citation omitted)).

Accordingly, because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn